ORIGINAL

LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 533-1734

Attorney for Plaintiff

LODGED

HOCT 3 1 2006

CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 09 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ERIC PARR                          )     CIVIL NO. 06-00280 DAE/KSC
                                   )
            Plaintiff,             )     FINDINGS AND
                                   )     RECOMMENDATION;
vs.                                )     DECLARATION OF
                                   )     LUNSFORD DOLE PHILLIPS;
                                   )     EXS. "A"-"D"
AUTUMN MOON LOUNGE, INC.           )
                                   )
            Defendant.             )
_____  )


## FINDINGS AND RECOMMENDATION

On September 29, 2006, the Court GRANTED Plaintiff's MOTION FOR
JUDGMENT BY DEFAULT and requested findings and recommendations for the
Court's review.

### I.     FINDINGS

On February 1, 2006, Plaintiff sent a letter to Defendant's
"Owner/Manager," notifying Defendant of his encountering barriers to wheelchair
accessibility on a recent attempt to patronize its club located at 660 Ala Moana

Blvd.. Ex. A to Counsel's Declaration. Plaintiff offered "free advice" on what it had to do to remove its barriers. Defendant made no response.

Plaintiff subsequently filed and duly served Defendant with a Complaint and Summons, alleging its violation of Title III of the Americans With Disabilities Act, claiming he had been discriminated by Defendant's failure to remove architectural barriers. 42 U.S.C. § 12182 (b) (2) (A) (iv).

Defendant made no response to the Complaint, and at Plaintiff's request the clerk filed an Entry of Default on July 7, 2006. Although under no obligation to do so, Plaintiff mailed Defendant a file-stamped copy of the default. Defendant once again made no response.

On August 23, 2006, Plaintiff filed his Motion For Judgment By Default and mailed Defendant a filed-stamped copy the next day. The pleading mailed to Defendant included a Notice of Hearing, stating the Court would hear the motion on September 29th. Defendant made no response. The Court's Courtroom Deputy Clerk made three calls for Defendant before the hearing. No one answered.

Without any objection to Plaintiff's motion having been made, the Court GRANTED the Motion For Judgment By Default.

## II.   RECOMMENDATION

The Court acknowledges that default judgments are disfavored and reaffirms that cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F. 3d 875, 879 (9th Cir. 1993). However, taking Plaintiff's allegations as true, cf. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977), the court considers the following factors in deciding whether to enter a default judgment:

1.      the prejudice to plaintiff;

2.      the merits of the claims;

3.      the sufficiency of the complaint;

4.     the amount of money at stake;

5.     the possibility the facts could have been disputed;

6.     the existence of excusable neglect; and finally

7.     the policy favoring decisions on the merits.

Cf. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered these factors, the Court FINDS:

1.     Plaintiff will prejudiced by denying him entry of judgment;

2.     Plaintiff's undisputed claims are deemed meritorious;

3.     Plaintiff's pleading alleges his claim's essential elements;

4.     Plaintiff's claim for money is small.  However it is moot because he has abandoned even that insignificant claim;

5.     Defendant had repeated opportunities to dispute the facts;

6.     No grounds for excusable neglect have been established; and

7.     The policy against default judgments will not be contravened.

However, the Court notes that Plaintiff's Complaint sought a permanent injunction concerning Defendant's future operation of public accommodations. The Court FINDS that particular relief is inappropriate because it is too speculative.  No record has been made that Defendant will operate any public accommodation in the future, that such public accommodation will violate the ADA, or that Plaintiff will likely be injured.  Therefore the Court RECOMMENDS that particular relief sought by Plaintiff's Motion be DENIED.

Plaintiff's Motion seeks his litigation expenses, namely his attorney's fees and his lawsuit costs.  See 42 U.S.C. § 12205.  An award of attorney's fees must be based on a calculation based on a lodestar amount multiplied by the number of hours reasonably expended.  See, generally, Fischer v. SJB-P.D., Inc., 214 F.3d 1115 (9th Cir. 2000) (discussing the calculation using the well-known Kerr factors). Giving due consideration to the applicable factors, the Court FINDS a lodestar of

$275.00 per hour plus general excise tax as requested by Plaintiff's attorney, see Ex. B to Counsel's Declaration, is appropriate.  Moreover, the Court FINDS the number of attorney's hours expended, see Ex. C to Counsel's Declaration, is reasonable and FINDS his claimed costs are also reasonable.

Accordingly the Court RECOMMENDS Plaintiff be awarded costs of $396.00 and attorney's fees of $2,664.07 for a total of $3,060.07.  In addition the Court RECOMMENDS that certain equitable relief be ORDERED, namely an injunction requiring that within ninety days Defendant pays the above amount and removes the barriers identified, see Ex. D to Counsel's Declaration, to bring its premises into ADA compliance.

DATED: Honolulu, Hawaii, October 30, 2006

LUNSFORD DOLE PHILLIPS
Attorney for Plaintiff

APPROVED AND SO RECOMMENDED:                    NOV 0 8 2006